_____

No. 95-3423
_____

Brandon Richard Roberts, by          *
and through his parents, Mary         *
Rodenberg-Roberts and Richard         *
Roberts,                              *
                                      *
          Appellant,                  *   Appeal from the United States
                                      *   District Court for the
     v.                               *   District of Minnesota.
                                      *
KinderCare Learning Centers,          *               [PUBLISHED]
Inc.,                                 *
                                      *
          Appellee.                   *


_____

Submitted:  June 14, 1996

Filed:  June 24, 1996
_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.
_____


PER CURIAM.


     Brandon Richard Roberts filed this discrimination claim by and
through his parents, Mary Rodenberg-Roberts and Richard Roberts, alleging
that KinderCare Learning Centers, Inc., violated the Minnesota Human Rights
Act (MHRA), Minn. Stat. § 363.03, subd. 3 (1991), and the Americans with
Disabilities Act (ADA), 42 U.S.C. § 12182 (1995), by failing to make
reasonable accommodations for him at the Apple Valley, Minnesota,
KinderCare daycare center.  Following a bench trial, the district court[1]
entered a judgment in

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States
District Court for the District of Minnesota.

favor of KinderCare, concluding that KinderCare did not fail to reasonably accommodate Brandon's disabilities because to make the accommodations the Roberts requested for Brandon would impose an undue burden on KinderCare and would require a fundamental alteration of KinderCare's group daycare services. Brandon appeals. We affirm.

Richard Roberts and Mary Rodenberg-Roberts (the Roberts) adopted Brandon and his sister, Becky, on October 19, 1994. As a result of abuse occurring prior to the time Brandon came into the care of the Roberts, Brandon is "disabled" within the meaning of the ADA, 42 U.S.C.§ 12102(2), and the MHRA, Minn. Stat. § 363.01, subd. 13. At the times relevant to this suit, Brandon was four years old and was developmentally delayed. He did not play with toys, had an extremely limited vocabulary, could take up to one and a half hours to eat a meal, and had not completed toilet training. Brandon also suffered from seizures and from attention-deficit hyperactivity disorder, and had a tendency to commit self-injurious acts and to run away.

Because of the various implications of Brandon's disability, his Individual Education Plan (IEP) called for a Personal Care Attendant (PCA) to provide one-on-one care to him on a continuous basis. Brandon was authorized under a Medicaid program to receive PCA services for up to 30 hours per week. The Roberts had encountered "problems with the reliability" of PCAs, however, and indeed, about 16 different PCAs had cared for Brandon by the time the trial commenced.

KinderCare Learning Centers, Inc. (KinderCare), is a for-profit corporation providing group proprietary day care in the United States through child care centers, including one in Apple Valley, Minnesota. KinderCare experienced financial problems in 1989, filed for bankruptcy, and underwent a plan of reorganization in 1993. As part of its reorganization plan, KinderCare closed a

2

number of its centers that were unprofitable. KinderCare currently requires each of its centers to be financially profitable to remain open. The KinderCare center in Apple Valley (the Center) operates on a very limited budget, with an operating income of only $9,600 per month.

Ms. Rodenberg-Roberts approached Ann Marie Donahue, the director of the Center, about enrolling Brandon at the Center on a "full-time" basis. Ms. Donahue understood full-time care as it is commonly used, involving about 40-50 hours per week. Ms. Rodenberg-Roberts told Ms. Donahue that Brandon was a child with disabilities. She stated that Brandon would require one-on-one care and gave Ms. Donahue a copy of Brandon's IEP and a protocol, both of which confirmed Brandon's need for individualized care. Ms. Rodenberg-Roberts advised Ms. Donahue that Brandon's medical assistance provided funding for a PCA for up to 30 hours per week, but when PCA services were unavailable, the Center would need to provide the one-on-one care for Brandon. Ms. Rodenberg-Roberts also told Ms. Donahue that the Roberts currently did not have a PCA for Brandon, but that they were seeking one. The Center agreed to enroll Brandon on the condition that he only attend the Center when he was accompanied by a PCA; the Center would not provide an employee to give one-on-one care for Brandon when a PCA was unavailable. Brandon, by and through his parents, then filed this suit, seeking compensatory and punitive damages, as well as injunctive relief.

The ADA prohibits discrimination against any individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation."   42 U.S.C. § 12182(a).[2]   Daycare centers, such as KinderCare, are "public accommodations."  Id. § 12181(7)(K).  A public accommodation must

> ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the . . . service[s] . . . being offered or would result in an undue burden[.]

Id. § 12182(b)(2)(A)(iii).  Significant difficulty or expense in making an accommodation constitutes an undue burden.  28 C.F.R. § 36.104.

As an initial matter, we find no error in the district court's conclusion that Brandon's IEP, his protocol, and his mother's statements were conclusive evidence of his need for one-on-one care.  The Center was not required to utilize any internal policies KinderCare may have for assessing a child's need for special accommodations, as such an exercise would have been superfluous.  The Center therefore did not violate any duty under either the ADA or the MHRA by accepting the overwhelming evidence of Brandon's need for one-on-one care.

We also agree with the district court that requiring the Center to provide one-on-one care for Brandon would place an undue burden on the Center.  See 42 U.S.C. § 12182(b)(2)(iii); Minn. Stat. § 363.03, subd. 3(c)(3).  To determine whether a burden is undue, we consider (1) the nature and cost of the action; (2) the

---

[2]Neither of parties draws any distinction between the analysis under the MHRA and the analysis under the ADA. Furthermore, our research has revealed no authority instructing us on any distinctions between the two acts that would be relevant to this case.  We therefore proceed, as did the district court, assuming that our ADA analysis applies equally to the claim under the MHRA.

financial resources of the site involved, the number of persons employed at the site, the effect on expenses and resources, legitimate safety requirements that are necessary for safe operation, or the impact otherwise of the action upon the operation of the site; (3) the geographic separateness, and the administrative and financial relationship of the site to the corporation; (4) if applicable, the overall financial resources of the parent corporation and the number of facilities; and (5) if applicable, the type of operation of the parent corporation. 28 C.F.R. § 36.104. Given the historical unpredictability of the PCA services, Brandon's mother's request for "full time" daycare, the safety concerns for Brandon, and the Center's difficulty in finding on-call, part-time help, we find no clear error in the district court's factual finding that the Roberts' requested accommodation would require the Center to employ a full-time caregiver for Brandon. See Black Hills Corp. v. Commission of Internal Revenue, 73 F.3d 799, 804 (8th Cir. 1996) (clear error standard of review for factual findings). The Center pays a full-time aid about $200 per week, while the tuition per week for a child Brandon's age is only $105 per week. As a result, accommodating the Roberts' request would have created a $95 per week loss to the Center, a substantial financial burden when considered in the light of the Center's $9,600 per month operating income. Accordingly, we agree with the district court that requiring the Center to provide one-on-one care for Brandon in the absence of his PCA would impose an undue financial burden on the Center.

The Roberts argue that, in reaching its decision, the district court failed to analyze the parent corporation's financial resources. The district court correctly de-emphasized KinderCare's financial resources, however, because the Center in Apple Valley is responsible for remaining independently profitable and cannot rely on any resources from KinderCare or from any other Kindercare center.

5

Because the accommodation of one-on-one care for Brandon would impose an undue burden on the KinderCare center in Apple Valley, we hold that the requested accommodation was not reasonable within the meaning of the ADA or the MHRA.  So holding, we need not reach the issue of whether the accommodation would have fundamentally altered the group daycare services of the Center.  We also need not review the district court's discussion on the damages issue.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.