# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2283
_____

| | | |
|---|---|---|
| Roy Sonkowsky, on behalf of his minor son, Roy "Rocky" Sonkowsky, | * * * | |
| Plaintiff - Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| Board of Education for Independent School District No. 721; Independent School District No. 721; Richard Wilson, as an individual and in his official capacity; Kristina Madigan, as an individual and in her official capacity; Joan Anderson, as an individual and in her official capacity; | * * * * * * * * * | [PUBLISHED] |
| Defendants - Appellees. | * * | |

_____

Submitted: February 14, 2003
Filed: May 5, 2003
_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

In this appeal, Roy Sonkowsky challenges the district court's[1] adverse grant of summary judgment. Sonkowsky, on behalf of his son, Roy "Rocky" Sonkowsky, alleged free speech, due process and equal protection violations under the First and Fourteenth Amendments of the United States Constitution, disability discrimination under the Minnesota Human Rights Act (MHRA), and claims against Independent School District (ISD) No. 721 for failure to train and supervise its employees. We affirm.

I.

All of Sonkowsky's claims revolve around Rocky's treatment in conjunction with a fourth-grade curriculum program called "Gridiron Geography." The program was designed to foster enthusiasm for American geography by incorporating professional football concepts and trivia into class lessons. Rocky was an avid Green Bay Packers fan and whenever possible he worked the Packers into his school projects. Some projects did not allow for personal preference, however, and required students to follow specific directions. For one assignment, Rocky refused to color a picture of a football player in the purple and gold team colors of the Minnesota Vikings, as directed by his teacher. When he turned in his picture in green and gold Packers colors, he was told to redo it following directions. When he again turned in a green and gold drawing, the teacher refused to accept it and would not hang it with the others.

As part of the Gridiron program, Rocky's class participated in a statewide contest in which students maintained a geography bulletin board. Prizes for the winning class included a field trip to Winter Park, the Vikings' practice facility, and

---

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

lunch with Vikings player Cris Carter.  As part of the contest, Rocky's class had its picture taken and sent to the Minnesota Vikings.  Rocky was told he could not wear his Packers jersey in the photo, although he was allowed to hold his Packers folder.  Rocky's class won the contest and the trip to Winter Park but Rocky was not permitted to attend.  As reasons for his exclusion from the field trip, Rocky's teachers cited his 25 behavioral deficiencies over the previous months, his increasingly disruptive behavior during the week before the trip, and their concern that he would embarrass the school with disrespectful behavior and insults directed at the Vikings.  Around this same time, the class celebrated its Gridiron victory by riding on a float in a local parade–but again Rocky did not participate.  It is undisputed that Rocky did not turn in the parental authorization form required to participate in the parade.  Rocky claims, however, that he was told he would not be allowed to ride on the float if he showed up wearing his Packers jersey or jacket.  According to Rocky, he had no other jacket and thus could not attend the parade.

## II.

We review a district court's grant of summary judgment de novo, giving the nonmoving party the most favorable reading of the record as well as the benefit of all reasonable inferences that arise from the record.  Gentry v. Georgia-Pacific Corp., 250 F.3d 646, 649 (8th Cir. 2001).  "Summary judgment 'is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim.'"  Id. (quoting Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000)).

We agree with the district court that Sonkowsky has failed to establish the deprivation of a constitutional right, an essential element of his § 1983 claims.  See 42 U.S.C. § 1983 (2000); Lockridge v. Bd. of Trustees of the Univ. of Arkansas, 315

-3-

F.3d 1005, 1009 (8th Cir. 2003). Assuming Rocky, as a fourth-grader, has a constitutionally protected right to free expression at school, that right was not violated when school officials required adherence to directions on school projects. Rocky's preference for the Packers does not trigger heightened protection, and thus the teachers' reasonable curriculum-based decisions with regard to appearance, and attendance, at school-related functions will not support a § 1983 claim. Sonkowsky has presented no evidence to refute the school's explanations for its decisions regarding Rocky's participation in school activities, nor is there a supportable inference that Rocky was disciplined, penalized, or discriminated against because of his passion for Green Bay. Rather, the record overwhelmingly indicates that Rocky's conduct, independent of any expressive ideas, was the focus of the school's concern.

We also agree with the district court's resolution of the state claims. Under the MHRA, it is an unfair discriminatory practice for an educational institution to discriminate against any person because of his disability. Minn. Stat. § 363.03 Subd. 5(1) (2001). To prevail on a disability discrimination claim, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in a public entity's services, programs or activities; and (3) such treatment was because of his disability. Moubry v. Indep. Sch. Dist. No. 696, 9 F. Supp. 2d 1086, 1109 (D. Minn. 1998) (listing elements); see also Roberts v. KinderCare Learning Ctrs., Inc., 86 F.3d 844, 846 n.2 (8th Cir. 1996) (applying ADA analysis to MHRA claim in context of educational services for disabled children). In the context of educational services, liability does not attach absent a showing of bad faith or gross misjudgment on the part of the school officials. Hoekstra v. Indep. Sch. Dist. No. 283, 103 F.3d 624, 627 (1996). It is undisputed that Rocky has ADHD and that he was excluded from the field trip to the Vikings arena. However, Sonkowsky has presented no evidence to suggest that the exclusion was based on Rocky's disability rather than on his documented misconduct in the weeks preceding the trip.

Moreover, the record is devoid of any evidence that would support a finding of gross misjudgment or bad faith on the school's part.

For these reasons, and those set out in the district court's thorough and well-reasoned opinion, we affirm the grant of summary judgment in the defendants' favor.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT